[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute.
The court finds as follows: The plaintiff, whose maiden name is Lillian E. Boles, and the defendant were married at Bethel, Connecticut on July 21, 1984 and both parties have resided continuously in the State of Connecticut for significantly greater than one year prior to the filing of the Complaint in this action.
There are no minor children issue of this marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties.
The marriage between the parties has broken down irretrievably without any reasonable prospect of reconciliation. There is some dispute between the parties as to the cause of the breakdown of the marriage but from the evidence presented, the court finds that each party is at fault for the breakdown of the marriage.
Neither party has received or is receiving state or public assistance of any kind.
The plaintiff has a Bachelor's degree and is only several classes short of earning her Master's degree. The plaintiff is in good health. Although she has been under the care of a therapist and a psychiatrist since she learned on July 21, 1997 of her husband's desire to end their marriage, this has not resulted in any diminution of the plaintiff's earning capacity.
The plaintiff has been employed by the Town of Bethel as Tax Collector since April of 1998. The plaintiff characterized her appointment as Tax Collector "indefinite" but indicated that she could be discharged "if I don't do my job". She noted further though that as of November of 1998 hers is designated as a full CT Page 15101 time, union position. The plaintiff testified that she is secure in her position and hopes to stay with and keep the Town of Bethel happy.
The defendant husband is employed as a mechanic by the City of Danbury, is secure in his position and is also in good health.
The income of the parties as set forth on their respective Financial Affidavits is virtually identical. The court finds the plaintiff's gross weekly income to be $727.00 and her net weekly income to be $517.00. The court finds the defendant's gross weekly income to be $733.00 and his net weekly income to be $509.00.
Each of the parties has retirement accounts in his or her own name. The plaintiff wife has a 401k plan from a previous employer, Norco, Inc., which, based upon the most recent quarterly statement for said account, the court finds to have a value of $75,984.00 . In addition thereto, the plaintiff wife has an IRA account with Charles Schwab which the court finds to have a value of $2,573.00. Although there is a further pension plan that may ultimately be available to the plaintiff through her employment with the Town of Bethel, she has not yet vested in that plan.
The defendant husband has a defined benefit pension plan from the City of Danbury which, according to testimony from the witness, Mrozinski, a tax accountant/bookkeeper/IRS enrolled agent, has a present value of $26,559.00. The court finds the value of said pension to be as stated by the said witness. In addition thereto, the defendant husband has a deferred compensation plan with the City of Danbury which plan the court finds to have a value of $20,688.00. The defendant husband also has an IRA account with First Union which the court finds to have a value of $2,024.00.
The defendant has argued that the equities in this matter require that since all deferred compensation/pension plans were acquired during the course of the marriage, such plans should be "equalized between the parties". The plaintiff has argued though that said plans are already virtually "equalized" between the parties by virtue of the fact that redeeming a portion of the plaintiff's deferred compensation plan to make any transfer of the same to the defendant would subject the plaintiff to certain taxes and penalties that would thereby reduce the value of said CT Page 15102 plan to rough equivalence with the plans of the defendant. The defendant argues though that any potential adverse tax consequences can be resolved by way of assignment of an interest in the subject plan to the defendant husband by entry of a Qualified Domestic Relations Order.
The parties are joint owners of certain real property identified as 11 Payne Road, Bethel, Connecticut. The parties agree and the court finds that the current fair market value of the said real property is $150,000.00 and that there is currently an outstanding principal mortgage balance of approximately $80,750.00 on said real property. The parties joint funds, including a profit realized upon the sale of a condominium previously owned by the parties, were used to purchase the said real property and the parties joint funds and joint efforts were used to improve the said real property.
With the notable exception of the dispute between the parties with respect to the disposition of the deferred compensation/pension plans, there is much agreement between the parties as to the disposition of all other property and assets.
Accordingly, after careful consideration of all of the evidence before the court and after careful consideration and assessment of the credibility of the witnesses who have testified before the court, and after further consideration of the provisions of Connecticut General Statutes § 46b-82 regarding the issue of alimony and the provisions of Connecticut General Statutes § 46b-81(c) regarding the issue of property division and the provisions of Connecticut General Statutes §46b-62 regarding the issue of attorneys fees, and after consideration of other applicable statutory and case law, the court enters the following orders:
 A. By Way of Dissolution
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
 B. By Way of Alimony
1. Neither party is awarded alimony. In entering this order, the Court has considered the applicability of C.G.S. § 46b-82
and the testimony of the parties to the effect that neither party is seeking an award of alimony from the court. CT Page 15103
 C. By Way of Assignment of Property
1. The defendant is ordered to quit claim to the plaintiff all of his interest in the jointly owned real property located at 11 Payne Road, Bethel, Connecticut upon payment by the plaintiff to the defendant of the sum of $34,625.00 which amount represents 50% of the equity in said real property as of the date of this decree. Said payment by the plaintiff to the defendant is to be made within ninety (90) days of the date hereof and shall be accomplished either by a refinance of the said real property in the sole name of the plaintiff or by a direct payment by the plaintiff to the defendant without a refinance of the said real property. In the event that the plaintiff makes direct payment to the defendant without refinancing the said mortgage encumbering the said real property then, in that event, the plaintiff shall indemnify and hold the plaintiff harmless therefrom. In the event that the plaintiff shall refinance the said mortgage, the defendant shall share equally in any costs associated with said refinancing. In the event that the plaintiff is unwilling or unable to so purchase the defendant's interest in the jointly owned real estate, then the property shall be listed for sale. Upon sale, the net proceeds realized therefrom shall be divided equally between the parties. "Net Proceeds" for purposes of this decree is defined as the gross sale price less the outstanding balance due on the mortgage, broker's commissions, closing costs, conveyance taxes, attorney's fees and other costs routinely associated with real estate closings. In the event that the parties are unable to agree upon issues relating to the marketing and sale of the said jointly owned real property, the Superior Court shall retain jurisdiction over such issues. The plaintiff shall remain in exclusive possession of the said real property until such time as sole title to the said real property is conveyed to her by the defendant or until the sale of said real property.
2. The parties shall share equally in any settlement or recovery of any kind realized from any litigation or claim regarding the City of Danbury sanitary landfill.
3 . Each of the parties shall retain his or her own pension plans, deferred compensation plans, 401k plans, IRA accounts, or other retirement type accounts by whatever name called, free and clear of any claim of the other party. CT Page 15104
4. Each of the parties shall be responsible for their own debts as set forth on their respective financial affidavits and shall indemnify and hold the other party harmless therefrom.
5. The defendant shall transfer his interest in and to the 1993 Pontiac Bonneville to the plaintiff and shall cooperate fully with the plaintiff in executing any and all such paperwork as may be required to effectuate such transfer. The defendant shall retain the 1985 Chevy Pick-up and the 1992 Harley Davidson motorcycle free and clear of any claim by the plaintiff.
6. The parties are the joint owners of a certain investment account through the brokerage firm of A.G. Edwards. Said account includes various shares of stock, bonds, U.S. Treasury Securities, mutual funds and money market mutual funds and is comprised of those items set forth in Schedule 4-E and 4-H of the plaintiff's financial affidavit and Schedule 4-E of the defendant's financial affidavit. Said account is to be divided equally between the parties.
7. The defendant's financial affidavit in Schedule 4-E also lists a Charles Schwab account with a value of $2,200.00 which account the Court concludes, based upon the testimony of the plaintiff, has been listed thereon in error by the defendant and is in fact the Charles Schwab IRA which is listed under Schedule 4-G of the plaintiff's financial affidavit, the disposition of which account has already been ruled upon by the court in Section C-3 above. In the event that said Charles Schwab account as set forth in Schedule 4-E of the defendant's financial affidavit is not the said Charles Schwab IRA as is set forth in Schedule 4-G of the plaintiff's financial affidavit then it is the order of the Court that said account be divided equally between the parties.
8. The First Union savings and checking accounts shall be the property of the plaintiff free and clear of any claim of the defendant.
9. The Danbury Municipal Federal Credit Union savings and checking accounts shall be the property of the defendant free and clear of any claim of the plaintiff.
10. Ownership of the cats "Frankie" and "Cleopatra" is awarded to the plaintiff. CT Page 15105
11. The majority of the personal property of the parties has heretofore been divided between the parties to their mutual satisfaction. With the exception of a small bag of items that were the property of the defendant's deceased brother, a "few odds and ends" in the garage (including miscellaneous tools, a shelving unit and a table), and the cap to the defendant's pick-up truck, all of which items the defendant may retrieve forthwith upon reasonable notice to the plaintiff, all other personal property currently in the possession of the plaintiff and not specifically otherwise disposed of by this decree, shall be the property of the plaintiff free and clear of any claim by the defendant. All other personal property currently in the possession of the defendant and not specifically otherwise disposed of by this decree, shall be the property of the defendant free and clear of any claim by the plaintiff.
12. The life insurance policy owned by the defendant and set forth in Schedule 4-F of the defendant's financial affidavit is awarded to the defendant.
In entering the foregoing orders disposing of the property of the parties hereto, the court has considered the applicability of the provisions of Connecticut General Statutes § 46b-81(c).
 D. By Way of Attorneys Fees
1. No attorneys fees are awarded in favor of either party. In entering this order, the Court has considered the applicability of C.G.S. § 46b-62 and the fact that neither party is seeking an award of counsel fees from the court.
 E. Prior Pendente Lite Orders
1. All pendente lite orders remain in effect until the date this decision is filed. Any arrearages are not merged into the judgment and survive the judgment. In the event the parties are unable to agree as to the amount of any such arrearages, if any, and how they are to be repaid, then the appropriate Motion should be filed with the court.
 F. Miscellaneous Orders
1. Counsel for the plaintiff is to prepare the judgment file within thirty days and forward it to counsel for the defendant for signature and filing with the court. CT Page 15106
BY THE COURT
CARROLL, J.